UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VELDER ORLANDO WILLIAMS<br><br>Plaintiff,<br>vs.<br><br>SIOUX FALLS POLICE DEPARTMENT, et. al.,<br><br>Defendants. | **4:20-CV-4103-LLP**<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, GRANTING LEAVE TO AMEND, AND DENYING MOTION TO APPOINT COUNSEL** |

The claims brought by *pro* se plaintiff, Velder Orlando Williams, against defendants Sioux Falls Police Department and various individual police officers appear to arise out of two separate incidents.

As the Court best construes Mr. Williams's Complaint, in the first incident, Mr. Williams alleges police brutality, false arrest, false imprisonment, racial profiling, racial harassment with reckless malice intent. Mr. Williams alleges that officers "busted [his] face on the pavement" and had no reason to stop him. He alleges that he was falsely arrested and falsely imprisoned.

The second incident involves an arrest of Mr. Williams on outstanding warrants that arose from the stop of his vehicle for a traffic violation. Attached to his Complaint are Court filings in a criminal case that was pending against him in state court in South Dakota, *South Dakota v. Williams*, 19-3330. These attachments show that in August 2019, his criminal defense attorney had submitted a brief in support of Mr. Williams's motion to suppress evidence in his criminal case. In the brief, his attorney explains that on April 2, 2019, Sioux Falls police officer Chad Westrum—who is also named as a defendant in this case—was traveling southbound on Western Avenue in Sioux Falls and saw two vehicles, a car first, and then a truck turn in front of him onto 49th Street. Instead of turning into the first lane, both vehicles turned into the lane closest to the center line. The officer pursued the vehicles, passed the truck, and positioned himself behind the car when it came to a stop at a stop light at 49th and Kiwanis. The officer

1

reported that at the stop light, Mr. Williams, the driver of the vehicle, "appeared" to reach under the driver's seat.

The officer pulled Mr. Williams over, explaining that Mr. Williams had turned into the wrong lane at the intersection of Western and 49th.  Mr. Williams sat in the officer's car "for traffic enforcement without incident."   While in the officer's vehicle, the officer ran Mr. Williams's name through the police database and found outstanding warrants on Mr. Williams. The officer notified Mr. Williams that he would be taken in on the warrants.

Office Dalton showed up on scene while Mr. Williams was in Westrum's patrol car and asked Mr. Williams for consent to search the car which Mr. Williams denied.  Mr. Williams was handcuffed and placed in the back of the patrol car while Mr. Williams's vehicle remained parked in a parking lot.  The officers searched Mr. Williams's car despite Mr. Williams not giving his consent.  The officers had reported that because Officer Westrum had observed Mr. Williams reach under the driver's seat prior to the stop, the officer checked under the driver's seat to ensure a weapon was not stashed there.  There, the officers found a pipe which was taken into evidence and later tested positive for cocaine.

Mr. Williams's attorney moved to suppress the evidence obtained from the search of his vehicle on the basis that it violated his Fourth Amendment rights because the search was not limited to that necessary for the identification of weapons that could be used against the officer or others.  Mr. Williams's attorney reasoned that Mr. Williams was in custody at the time of the search and was unable to access anything in his car and that there was no exigency justifying the search because he was going to be taken to jail on his warrants.  Ultimately, the prosecuting attorney dismissed the charges of possession of a controlled substance and possession of drug paraphernalia in the State's case against Mr. Williams.

Also attached to Mr. Williams's complaint are dismissals by the prosecutor in state court of charges relating to possession of controlled substances in two separate criminal cases in Minnehaha County, South Dakota—*South Dakota v. Williams*, CRI 18-6644 and *South Dakota v. Williams*, CRI 18-7398.  The incidents underlying these criminal charges against Mr. Williams are unclear.

Pending before the Court is a Motion for Leave to Proceed In Forma Pauperis, Doc. 2, and Motion to Appoint Counsel, Doc. 3.

## DISCUSSION

### I.      Application to Proceed in Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit.  28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).   "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution."  *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Mr. Williams's affidavit, he indicates that he is unemployed, is receiving public assistance, has few assets, and that his expenses exceed his monthly income.  Doc. 2. Considering the information in the financial affidavit, the Court finds that Mr. Williams has made the requisite financial showing to proceed in forma pauperis.

### II.      Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there.  Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 555).  A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).  "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory."  *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).  However*,* a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

### A.  Jurisdiction

As an initial matter, Mr. Williams's asserted basis for federal subject matter jurisdiction should be clarified.  "[F]ederal courts are courts of limited jurisdiction."  *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010).  A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case."  *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).  "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'"  *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

In construing the allegations made by Mr. Williams in his Complaint, the Court concludes that his lawsuit poses a federal question.  In his Complaint, Mr. Williams alleges that

the stops by Sioux Falls Police officers violated his Fourth Amendment rights because they were unlawful and were based on race.  Mr. Williams also claims that he was falsely arrested and falsely imprisoned by Sioux Falls Police officers.  The Fourth Amendment protects individuals against unreasonable searches and seizures by government officials.  *See Camara v. Mun. Court of the City and Cnty. of San Francisco*, 387 U.S. 523, 528 (1967).  The Equal Protection Clause "prohibits selective enforcement of the law based on considerations such as race."  *Whren v. United States*, 517 U.S. 806, 813 (1996).

Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."  42 U.S.C. § 1983.  Because the Court finds that the facts alleged in Mr. Williams's Complaint arise under the Fourth and Fourteenth Amendments, the Court liberally construes Mr. Williams's Complaint to allege a § 1983 claim.

A § 1983 claim, "almost by definition, . . . arises under federal law and will support federal-question jurisdiction."  *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 481 (8th Cir. 2015) (per curiam) (quoting *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 32 n.1 (1st Cir. 2014) (citation omitted)).  To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Monell Claims**

The named defendant in this case is the Sioux Falls Police Department.  Although it is a bit unclear, it appears that Mr. Williams has named as defendants several officers from the Sioux Falls Police Department.  Mr. Williams does not specify the capacity in which he is suing the individual officers.  Accordingly, this Court is bound to interpret the complaint as asserting only official-capacity claims against these individual officers.  *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (noting that if plaintiff's complaint is silent about the capacity in which he is suing defendant, the court interprets complaint as including only official-capacity claims).  An official capacity suit is, in all respects other than name, to be treated as a suit against the entity,

in this case, the Sioux Falls Police Department.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Generally, municipal police departments are not considered legal entities subject to suit under § 1983.  *Running Shield v. Huether*, Civ. No. 17-4095, 2018 WL 3651353, at *3 (D.S.D. Aug. 1, 2018) (J. Piersol) (citing *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming district court's decision dismissing police department defendant under Federal Rule of Civil Procedure 12(b)(6) because it is not a "juridical entit[y] suable as such . . . [but rather a] department[] or subdivision[] of the City government.")); *see also, Diggs v. City of Osceola*, 270 Fed. Appx. 469, at * 1 (8th Cir. 2008) (unpublished); *Shannon v. Koehler*, Civ. No. 08-4059, 2008 WL 4735265, at *2-4 (N.D. Iowa Oct. 13, 2008) (collecting cases).  While municipalities and other local government units such as the City of Sioux Falls and their officials can be sued directly under § 1983 for monetary, declaratory, or injunctive relief, it is well-established that a governmental entity cannot be held liable under § 1983 on a respondeat superior theory.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Thus, a government body cannot be held liable under § 1983 merely because it employs a tortfeasor.  *Id.* at 692.  For a municipality to be liable under § 1983, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] [a] constitutional violation."  *Id.* at 694.  A "policy" is defined as "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986).  In order to prove a "custom" a plaintiff must show:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the customer was the moving force behind the constitutional violation.

*Mettler*, 165 F.3d at 1204 (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990) (alterations in original)).

Here, there are no allegations in the Complaint, nor any facts to support that the alleged violations of Mr. Williams's constitutional rights by Sioux Falls police officers were done pursuant to a municipal policy, custom or practice.  Mr. Williams has therefore failed to state a claim against the Sioux Falls Police Department and the Sioux Falls police officer defendants in their official capacities.

However, liberally construing Mr. Williams's Complaint as the Court is bound to do, the Court cannot state as a matter of law that Mr. Williams's allegations fail to state a claim against Officers Westrum and Dalton in their individual capacities based on the alleged search of his vehicle without a warrant and without his consent.[1]  "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se unreasonable* under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *United States v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  "Among the exceptions to the warrant requirement is a search incident to a lawful arrest."  *Id.* (quoting *Arizona v. Gant*, 129 S.Ct. 1710, 1716).  Another "such exception is the so-called 'automobile exception,' which authorizes officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity."  *Id.* (quoting *United States v. Hill*, 386 F.3d 855, 858 (8th Cir. 2004)).  However, the government bears the burden of establishing that an exception to the warrant requirement applies.  *Hill*, 386 F.3d at 858 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971)).

Mr. Williams's allegations suggest that he may have a cognizable claim; he has merely failed to state it properly.  Therefore, the Court grants Mr. Williams leave to amend his Complaint.

**I.**     Motion to Appoint Counsel

Mr. Williams also moves the Court to appoint counsel.  Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  <u>*Stevens v. Redwing*</u>, <u>146 F.3d 538, 546 (8th Cir. 1998)</u> (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)).

---

[1]  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . .' § 1983 is not an available remedy."  *Skinner v. Switzer*, 562 U.S. 533 (2011) (quoting *Heck*, 512 U.S. at 487).  That prohibition does not appear to apply here because the charges in Mr. Williams's criminal case in Minnehaha County, South Dakota, were dismissed by the prosecuting attorney.

"In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry,* 697 F.2d 213, 214 (8th Cir.1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a *pro se* litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens,* 146 F.3d at 546 (citation omitted).  The facts of Mr. Williams's claims are not complex and at this stage in the proceedings, the Court does not deem it necessary to appoint counsel. Accordingly, Mr. Williams's motion to appoint counsel is denied.

Accordingly, it is hereby ORDERED that:

1. Mr. Williams's Motion to Proceeding In Forma Pauperis, Doc. 2, is GRANTED;

2. Mr. Williams is granted leave to amend his Complaint.  If Mr. Williams fails to file an amended complaint by 5:00 p.m. on September 7, 2020, Mr. Williams's Complaint  shall be dismissed without prejudice  pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

3. Mr. Williams's Motion to Appoint Counsel, Doc. 3, is DENIED.  That denial is without prejudice to a later motion to appoint counsel as it may later develop that counsel should be appointed.

Dated this 5th day of August, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

8