UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VELDER ORLANDO WILLIAMS<br><br>Plaintiff,<br>vs.<br><br>CITY OF SIOUX FALLS; OFFICER CHAD WESTRUM, in his individual and official capacity; OFFICER DALTON, in his individual and official capacity; OFFICER BULTER, in his individual and official capacity; OFFICER MCCLURE, in his individual and official capacity; OFFICER GROSS, in his individual and official capacity; OFFICER HEALY, in his individual and official capacity; OFFICER TREADWAY, in individual and official capacity; OFFICER NEALSON, in individual and official capacity; OFFICER HARRIS, in individual and official capacity;  OFFICER WINKEL, in individual and official capacity; and DOES 1-50<br><br>Defendants. | 4:20-CV-4103-LLP<br><br><br>**ORDER DIRECTING SERVICE** |

On August 5, 2020, this Court granted Plaintiff Velder Orlando Williams's ("Plaintiff") Application to Proceed *In Forma Pauperis* and granted Plaintiff leave to amend.  Doc. 6.  On October 1, 2020, Plaintiff filed an Amended Complaint and the Court must now rescreen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  In doing so, the Court finds that it cannot say as a matter of law that Plaintiff has failed to state a claim upon which relief may be granted and directs service upon the named defendants.

**A. Initial Complaint**

On July 13, 2020, Plaintiff Velder Orlando Williams filed an Application to Proceed *In Forma Pauperis* along with his *pro se* complaint alleging various causes of action against the Sioux Falls Police Department and various individual police officers arising out of two separate incidents.  Doc. 1.  In the first incident, Plaintiff appears to allege police brutality, false arrest, false imprisonment, racial profiling, racial harassment with reckless malice intent.  Plaintiff alleges that

1

officers "busted [his] face on the pavement" and had no reason to stop him. He alleges that he was falsely arrested and falsely imprisoned.

In the second incident, Plaintiff's vehicle was stopped for a traffic violation and was arrested on outstanding warrants. Attached to Plaintiff's initial complaint are Court filings in a criminal case that was pending against him in state court in South Dakota, *South Dakota v. Williams*, 19-3330. These attachments show that in August 2019, his criminal defense attorney had submitted a brief in support of Plaintiff's motion to suppress evidence in his criminal case. In the brief, his attorney explains that on April 2, 2019, Sioux Falls police officer Chad Westrum—who is also named as a defendant in this case—was traveling southbound on Western Avenue in Sioux Falls and saw two vehicles turn in front of him onto 49th Street. Instead of turning into the first lane, both vehicles turned into the lane closest to the center line. Plaintiff alleges that the driver of the first vehicle was Caucasian and Plaintiff is black. The officer pursued the vehicles, passed the first vehicle, and positioned himself behind Plaintiff when he came to a stop at a stop light at 49th and Kiwanis. Plaintiff alleges that in doing so, the officers were engaged in racial profiling. The officer reported that at the stop light, Plaintiff, the driver of the vehicle, "appeared" to reach under the driver's seat.

The officer pulled Plaintiff over, explaining that Plaintiff had turned into the wrong lane at the intersection of Western and 49th. Plaintiff sat in the officer's car "for traffic enforcement without incident." While in the officer's vehicle, the officer ran Plaintiff's name through the police database and found outstanding warrants on Plaintiff. The officer notified Plaintiff that he would be taken in on the warrants.

Office Dalton showed up on scene while Plaintiff was in Westrum's patrol car and asked Plaintiff for consent to search the car which Plaintiff denied. Plaintiff was handcuffed and placed in the back of the patrol car while Plaintiff's vehicle remained parked in a parking lot. The officers searched Plaintiff's car despite Plaintiff not giving his consent. The officers had reported that because Officer Westrum had observed Plaintiff reach under the driver's seat prior to the stop, the officer checked under the driver's seat to ensure a weapon was not stashed there. There, the officers found a pipe which was taken into evidence and later tested positive for cocaine.

Plaintiff's attorney moved to suppress the evidence obtained from the search of his vehicle on the basis that it violated his Fourth Amendment rights because the search was not limited to

that necessary for the identification of weapons that could be used against the officer or others. Plaintiff's attorney reasoned that Plaintiff was in custody at the time of the search and was unable to access anything in his car and that there was no exigency justifying the search because he was going to be taken to jail on his warrants. Ultimately, the prosecuting attorney dismissed the charges of possession of a controlled substance and possession of drug paraphernalia in the State's case against Plaintiff.

### B. Order Granting Application to Proceed *In Forma Pauperis* and Screening Initial Complaint

The Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and, as it is obligated to do, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if Plaintiff's claims were: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). In its initial screening, the Court stated that because Plaintiff did not specify the capacity in which he was suing the individual officers, the Court was obligated to interpret Plaintiff's complaint as including only official-capacity claims. Doc. 6. The Court noted that generally, municipal police departments such as the Sioux Falls Police Department are not legal entities subject to suit, but that other local government units such as the City of Sioux Falls and their officials can be sued directly under § 1983 for monetary, declaratory, and injunctive relief. Doc. 6 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). However, for a municipality to be liable under § 1983, the Court stated that a plaintiff must prove that a municipal policy or custom was the "moving force [behind] [the] constitutional violations." Doc. 6 (quoting *Monell*, 436 U.S. at 691). The Court found that there were no allegations in the complaint to support that the alleged violations of Plaintiff's constitutional rights by Sioux Falls police officers were done pursuant to a municipal policy, custom or practice. However, the Court found that Plaintiff's allegations suggest that he may have a claim, just that he failed to state it properly and granted Plaintiff leave to amend.

### C. Amended Complaint

On October 1, 2020, Plaintiff filed his Amended Complaint, Doc. 9, after the Court had granted Plaintiff's Motion to Extend time to file his amended complaint, Doc. 8. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must now rescreen Plaintiff's complaint.

## STANDARD OF REVIEW

Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief of any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## DISCUSSION

The individual defendants named by Plaintiff in his Amended Complaint are identical to those named in his original complaint and are as follows: Officer Chad Westrum; Officer Dalton;

Officer Bulter; Officer McClure; Officer Healy; Officer Gross; Officer Treadway; Officer Nealson; Officer Winkel; Officer Harris; and Does 1-50. Docs. 1, 9. Plaintiff makes clear that these individual defendants are being sued both in their individual and official capacities for violating his Constitutional rights under the Fourth and Fourteenth Amendment.

For some reason, Plaintiff has included a second caption naming as a Defendant the City of Sioux Falls as well as the individual defendants named in the first caption. Doc. 9. In reviewing the claims alleged against the City of Sioux Falls, the Court finds that Plaintiff is alleging a *Monell* claim against the City. Therein, Plaintiff references two incidents, one in 2014, and another in 2019, in which Sioux Falls police officers allegedly violated his Constitutional rights. Plaintiff alleges that the violations of his constitutional rights were done pursuant to a custom, policy and practice of the City and the Sioux Falls Police Department.

The Court finds that Plaintiff's filings on October 1, 2020, constitute a single Amended Complaint naming as defendants the individual officers in their individual and official capacities, as well as the City of Sioux Falls. Liberally construing Plaintiff's Complaint as the Court is bound to do at this stage, the Court cannot say as a matter of law that Plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall complete and send to the Clerk of Court a separate summons and USM-285 form for each named defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed;
2. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint and this order, upon defendants.

Dated this 5th day of November, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW THELEN, CLERK